UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**LEXINGTON**

| | |
|---|---|
| THELMA WITHROW, ) | |
| EXECUTRIX OF THE ESTATE ) | |
| OF THOMAS WITHROW, ) | Civil Action No. 5:05-152-JMH |
| et al., ) | |
| ) | |
|     Plaintiffs, ) | |
| ) | |
| ) | **MEMORANDUM OPINION AND ORDER** |
| v. ) | |
| ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
|     Defendant. ) | |
| ) | |
| ) | |

**       **       **       **       **

This matter is before the Court on Defendant's partial motion to dismiss [Record No. 5]. The plaintiffs responded and filed a motion to certify a question to the Kentucky Supreme Court [Record No. 7]. The defendant responded to the motion to certify [Record No. 11]. The time for reply has passed and the motions are now ripe for decision.

**Factual Background**

The decedent, Thomas Withrow ("Withrow"), was a veteran of the Korean conflict that received medical care at the Veterans Affairs Medical Center ("VA") Emergency Room in Lexington, Kentucky, on September 23, 2001. The complaint alleges that the decedent went to the emergency room for respiratory distress and shortness of breath. The complaint states that the decedent was seen by a physician in the morning and sent home that afternoon, despite protests from the Withrow family that he needed further treatment.

After being discharged from the VA, later that evening, the decedent was admitted to the St. Joseph Hospital by air flight from a local hospital.   Then, he was subsequently admitted to the Kindred Hospital of Louisville where he remained admitted until his death on January 6, 2002.

The plaintiffs are the Withrow estate and the spouse and adult children of the decedent, Withrow.   Withrow's spouse, Thelma Withrow ("Mrs. Withrow"), sues as executrix of the Withrow estate for loss of consortium and wrongful death damages.   Mrs. Withrow also sues individually for loss of consortium damages.   The adult children, Judith Jolly, Michael Withrow, and Janet Tolson (collectively, "Withrow Children"), sue individually for loss of parental consortium damages.

The plaintiffs allege that the VA caused the decedent's death by failing to properly diagnose, treat, and prematurely discharging the decedent.   The plaintiffs pursue their claims against the VA by suing the United States pursuant to the Federal Tort Claims Act ("FTCA").

### Procedural Background

Mrs. Withrow filed an administrative claim with the VA on July 22, 2003 by filling out the Standard Form 95.   The initial claim listed Mrs. Withrow as the only claimant.   The boxes "personal injury" and "property damage" were marked through with lines and the box for amount of damages was blank.   (Def.'s Mot. to Dismiss, Ex. A at 1.)   In the box "wrongful death" Mrs. Withrow wrote "not known (to be determined)."   Two of the three Withrow Children were

2

listed as witnesses to the negligent care of their father, but were not listed as claimants.  The initial claim did not mention loss of consortium damages.  (*Id.*)

The claim form was sent back to Mrs. Withrow as incomplete. On August 12, 2003, Mrs. Withrow amended the administrative claim to include damages in the amount of $1.5 million dollars for wrongful death.  (*Id.*, Ex. C at 1.)  The August 12, 2003 claim listed Mrs. Withrow as the only claimant and did not mention loss of consortium damages.  The boxes "personal injury" and "property damage" were still marked through with lines and two of the three Withrow Children were still only listed as witnesses and not as claimants.  (*Id.*)

On August 16, 2004, the VA reviewing officer issued a decision that eligibility for dependency and indemnity compensation was granted due to the decedent's cause of death being shown "to have resulted from VA Medical Care."  (Pl.'s Compl., Ex. B at 3.)  The reviewing officer stated that the decedent's cause of death was respiratory failure and chronic obstructive lung disease.  (*Id.*)

The VA did not receive further correspondence from Mrs. Withrow until October 4, 2004, when the plaintiffs' counsel[1] submitted the second amended claim.  The October 4, 2004 amended claim added the Withrow Children as claimants and increased the amount and type of damages sought.  Specifically, the October 4,

---

[1] Until the October 4, 2004 claim, Mrs. Withrow did not indicate on the previous forms that she was represented by counsel.

3

2004 amended claim clearly sought loss of consortium damages for the estate, Mrs. Withrow, and the Withrow children, and the amount of damages was increased to a total of  $3.65 million dollars. (Def.'s Mot. to Dismiss, Ex. D. at 1-5.)

On November 5, 2004, the VA responded by letter that the office received the October 4, 2004 amended claim.  (Pl.'s Compl., Ex. A.)  The plaintiffs did not receive any further correspondence from the VA either granting or denying the last amended claim.

On April 20, 2005, the plaintiffs filed the instant action in this Court seeking loss of consortium and wrongful death damages. The defendant subsequently filed a motion to dismiss the loss of consortium claims arguing first that the Court lacks jurisdiction over these claims because the only form asserting loss of consortium, the October 4, 2004 amended claim form, was filed after the two year statute of limitations provided in the FTCA. Alternatively, the defendant argues that the loss of consortium claims for the estate and for the Withrow Children should be dismissed for failure to state a claim because Kentucky law does not recognize these actions.  The plaintiffs subsequently filed a motion to certify the question of whether Kentucky law provides a cause of action for loss of consortium for adult children.

## Standard of Review

The defendant seeks dismissal of plaintiffs' loss of consortium claims pursuant to both Federal Rule of Civil Procedure ("Federal Rule") 12(b)(1) for lack of jurisdiction and 12(b)(6) for failure to state a claim.  "A Rule 12(b)(1) motion can either

attack the claim of jurisdiction on its face, in which case all allegations of the plaintiff must be considered as true, or it can attack the factual basis for jurisdiction, in which case the trial court must weigh the evidence and the plaintiff bears the burden of proving that jurisdiction exists." *DLX, Inc. v. Kentucky*, 381 F.3d 511, 516 (6th Cir. 2004).  The defendant attacks the factual basis of the Court's jurisdiction and attaches pertinent exhibits to the motion to dismiss.  Accordingly, reviewing the defendant's exhibits in reviewing the factual basis asserted for jurisdiction is proper and does not convert the defendant's motion to dismiss into one for summary judgment.  *Kroll v. United States*, 58 F.3d 1087, 1093 n.9 (6th Cir. 1995) (per curiam); *Murray v. Tarley*, No. C2-01-693, 2002 WL 484537, at *4 (S.D. Ohio Feb. 21, 2002) (unpub.).

A motion to dismiss pursuant to Rule 12(b)(6), on the other hand, tests the sufficiency of the plaintiff's complaint.  For purposes of a motion to dismiss, "[t]he Court must accept as true 'well-pleaded facts' set forth in the complaint."  *PR Diamonds, Inc. v. Chandler*, 364 F.3d 671, 680 (6th Cir. 2004) (quoting *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987)); *Courtney v. Smith*, 297 F.3d 455, 459 (6th Cir. 2002).  Construing the complaint in the light most favorable to the plaintiff, dismissal is proper only if "'it appears beyond doubt that the plaintiff can prove no set of facts in support of its claims that would entitle it to relief.'"  *Forest v. United States Postal Serv.*, 97 F.3d 137, 139 (6th Cir. 1996) (quoting *Am. Eagle Credit Corp. v. Gaskins*, 920 F.2d 352, 353 (6th Cir. 1990)).

**Analysis**

**A.   FTCA Statute of Limitations**

The FTCA provides a limited waiver of sovereign immunity that enables parties that are injured by an agent of the United States to obtain relief.   In order to bring an action in federal court against the United States pursuant to the FTCA, the plaintiff must first file an administrative claim with the appropriate agency. Section 2675(a) provides,

> An action shall not be instituted upon a claim against the United States . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing.

28 U.S.C. § 2675(a).   Further, section 2401(b) is the statute of limitations provision of the FTCA that provides,

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

*Id.* § 2401(b).

The statute of limitations set out in section 2401(b) of the FTCA has been construed narrowly to require *both* 1) that an administrative claim be presented to the appropriate agency within two years of accrual of the claim and 2) that a complaint be filed in a district court within six months after final notice of denial from the agency.   *Stephan v. United States,* 490 F. Supp. 323, 324

6

(W.D. Mich. 1980) (noting that the FTCA requires that the claim be filed with the appropriate agency within two years of accrual *and* be filed with the district court within six months of an agency denial); *Brockett v. Parks,* No. 02-5039, 2002 U.S. App. LEXIS 21169, at *4-5 (6th Cir. Oct. 8, 2002) (holding that "[a]n FTCA tort claimant must present his claim in writing to the appropriate agency within two years of the date the claim accrued, and bring a civil action within six months after the agency mails the notice of final denial of the claim") (unpub.); *Willis v. United States*, 719 F.2d 608, 612-13 (2d Cir. 1983) (holding that the word "or" should not be read in the disjunctive).  The requirements in section 2401(b) are jurisdictional in nature and, as such, if they are not met, the Court is without jurisdiction to hear those claims. *Garrett v. United States*, 640 F.2d 24, 26 (6th Cir. 1981).

The parties agree that the plaintiffs timely filed the complaint in this Court, thereby meeting the second requirement. The parties also agree that the two year statute of limitations for filing an administrative claim began on September 23, 2001, the day the decedent was treated and released from the VA,[2] and that the August 12, 2003 amended claim was timely filed.  The dispute centers around whether the October 4, 2004 amended claim, which added new claims and new parties, is time barred because the

---

[2] Under the FTCA, a claim accrues when the plaintiff discovers the injury and the cause.  *United States v. Kubrick*, 444 U.S. 111, 121-24 (1979); *Chomic v. United States*, 377 F.3d 607, 612 (6th Cir. 2004).

plaintiffs filed it with the VA more than two years after accrual of the claim.

The plaintiffs argue that the October 4, 2004 amended claim relates back in time to the timely filed original claim. The defendant, on the other hand, argues that the October 4, 2004 amended claim is time barred and does not relate back in time to either the original or the August 12, 2003 administrative claim.

The issue of whether an amended administrative claim filed with the appropriate agency after the expiration of the statute of limitations relates back to a timely filed administrative claim is an issue of first impression in this Circuit.[3] Other circuits have ruled on the issue of whether an amended claim relates back to an earlier, timely filed administrative claim and have reached differing conclusions.

The defendant relies upon Tenth and Eighth Circuit cases that hold that amended administrative claims do not relate back in time to timely filed agency claims. The defendant cites *Manko v. United States*, 830 F.2d 831 (8th Cir. 1987), wherein the Eighth Circuit held that relation back is not permitted for amendments of

---

[3] The Court recognizes that the Sixth Circuit in *Rucker v. United States Department of Labor*, 798 F.2d 891 (6th Cir. 1986), and this Court in *Parsons v. United States*, 5:03-CV-89 (E.D. Ky. Nov. 4, 2004), have ruled on the specificity required to satisfy the section 2675(a) requirement of filing an administrative claim for loss of consortium. The plaintiffs in this case rely on the October 4, 2004 claim form that clearly asserts loss of consortium claims. The plaintiffs argue that although the form was filed after the statute of limitations expired, it relates back to the filing of the original form that was timely. Therefore, the issue is not whether loss of consortium claims were properly asserted, but instead is whether the tardy claim relates back in time to the original, timely filed claim.

administrative claims.  In *Manko*, the wife of a man that contracted
a disease from the government sponsored Swine Flu Vaccine,
attempted to assert a loss of consortium claim in her husband's
FTCA personal injury suit in district court.  The court denied her
attempt to join because she had not filed an administrative claim
with the agency, as required by section 2675(a) of the FTCA.  *Id*.
at 838.  After she filed an administrative claim with the agency,
the court still denied joinder because the administrative claim was
filed after the expiration of the two year statute of limitations
provided in section 2401.  Subsequently, her husband sought leave
to file an amendment to his administrative claim and argued that
the amendment should relate back to his original agency filing, but
the trial court denied leave.  *Id*.

    The Eighth Circuit affirmed the district court and held that
the wife's administrative claim for loss of consortium was time
barred because it was filed with the agency after the expiration of
the two year statute of limitations.  *Id*. at 840.  The court held
that relation back should not be permitted because it would be
contrary to the purpose of the FTCA's limitations provision "'which
is to require the reasonably diligent presentation of tort claims
against the Government.'"  *Id.* (quoting *United States v. Kubrick*,
444 U.S. 111, 123 (1979)).  The court also found without merit the
wife's argument that Federal Rule 15(c) provided authority for the
claim to relate back to her husband's timely filed administrative
claim.  The court held that Federal Rule 15(c) applies to amended

9

*complaints* in district courts, but not to "administrative claims" before agencies. *Id.*

The defendant also cites *Lee v. United States*, 980 F.2d 1337 (10th Cir. 1992), wherein the Tenth Circuit relied upon *Manko* to find that relation back should not be permitted to avoid the FTCA statute of limitations. In *Lee*, the parents of a minor that allegedly received negligent medical treatment at a government owned hospital filed an administrative claim pursuant to the FTCA for damages on the minor's behalf. *Id.* at 1338. After expiration of the statute of limitations, the minor's parents attempted to amend the administrative claim to add themselves as claimants. *Id.* The parents argued to the district court that 28 C.F.R. § 14.2(c)[4] permitted administrative claims to be amended before the agency finally disposed of the claims. *Id.* at 1339. The parents also argued that the government was on notice of the mother's potential

───────────────

[4] The regulation provides,

> A claim presented in compliance with paragraph (a) of this section may be amended by the claimant at any time prior to final agency action or prior to the exercise of the claimant's option under 28 U.S.C. § 2675(a). Amendments shall be submitted in writing and signed by the claimant or his duly authorized agent or legal representative. Upon the timely filing of an amendment to a pending claim, the agency shall have six months in which to make a final disposition of the claim as amended and the claimant's option under 28 U.S.C. § 2675(a) shall not accrue until six months after the filing of an amendment.

28 C.F.R. § 14.2(c) (2005) (last amended in 1987).

claim because her name was listed as mother and guardian of her child.  *Id.* at 1338.

The Tenth Circuit adopted the district court's reasoning that held that administrative amendments filed after the expiration of the FTCA statute of limitations do not relate back to a timely filed initial claim.  *Id.* at 1339.  The court stated that permitting relation back to add new claims and parties would defeat the purpose of the limitations period, which is to encourage prompt settlement of claims.  *Id.* at 1341.  The government, the court held, was not on notice "of the nature of the parents' claim, the amount of the parents' claim, or that the parents were claimants in their own rights."  *Id.*

The plaintiffs rely on a Ninth Circuit case, *Avila v. INS*, 731 F.2d 616 (9th Cir. 1984), that reaches the opposite conclusion.  In *Avila*, the father of a mentally incompetent adult child filed an administrative claim pursuant to the FTCA on behalf of his child for damages from wrongful deportation.  *Id.* at 618.  After the expiration of the two year statute of limitations, but before the agency's final decision, the father amended the administrative claim to add himself as a party seeking damages for the cost of searching for his son.  *Id.*  The Ninth Circuit held that pursuant to Federal Rule 15(c),[5] the government was on notice that the

---

[5] Federal Rule 15(c) provides,

> An amendment of a pleading relates back to the date of the original pleading when
> (1) relation back is permitted by the law that provides the statute of limitations applicable to the action, or

11

father might suffer damages from the wrongful deportation of his son because of the nature of the son's claim. *Id.* at 620. The court held that the government would not suffer prejudice by relating back the date of the filing of the tardy claim because the son's original claim identified the father as his parent, thus providing notice to the government of the father's potential claim. *Id.* at 620.

The plaintiffs in the instant case argue that the Court should adopt the reasoning of the Ninth Circuit. They argue that relating back the date of the filing of the amended claim would not prejudice the government because the government was on notice that loss of consortium claims were feasible for Mrs. Withrow because she signed the original amended administrative claim. Similarly, the plaintiffs argue that the government was on notice that the Withrow Children had cognizable claims for loss of consortium because two of the three children were listed as witnesses on the original administrative claim for wrongful death damages.

---

        (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or
        (3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

The Court finds the reasoning of the Tenth and Eighth Circuits more sound.  Permitting relation back would be contrary to the purposes of the FTCA, which are to encourage prompt resolution and settlement of specific claims.  As the Tenth Circuit held, allowing the amended administrative claim in this matter, "would . . . violate congressional intent to create a system for administrative agencies dealing with specific claims." *Lee*, 980 F.2d at 1341.

If relation back were permitted, the FTCA's statute of limitations would not have any meaning because a plaintiff could avoid the limitations period by merely amending the original claim to add additional claims, anytime after the limitations period has expired.  Or, persons not parties to the original claim, like the Withrow Children and Mrs. Withrow individually, could simply be added to the amended claim after the expiration of the limitations period and, in effect, completely avoid the statute's requirements.

The Supreme Court has noted, the FTCA limitations period is the embodiment of "the balance struck by Congress in the context of tort claims against the Government; and we are not free to construe it so as to defeat its obvious purpose, which is to encourage the prompt presentation of claims." *Kubrick*, 444 U.S. at 117.  In fact, the legislative history of the enactment of the current two year statute of limitations that previously was set for one year indicates this balance.

> It is not the intention of the Federal Government to deprive tort claimants of their day in court or of their remedies.  Nor, on the other hand, does it propose to encourage delay in the enforcement of a claimant's

13

> rights or to harass the Federal agencies in
> their defense against such suits by increasing
> the difficulty of their procurement of
> evidence. However, it is not believed that
> the enlargement of the existing period of
> limitations to 2 years as proposed in the
> reported bill will unnecessarily vex the
> agencies concerned, nor will it foster a lack
> of diligence on the part of claimants in the
> prosecution of their claims. The period of 2
> years proposed in the bill represents a happy
> medium which has been tested and found
> satisfactory in the laboratory of legal
> experience.

S. Rep. 81-276, at 3 (1949), *as reprinted in* 1949 U.S.C.C.A.N. 1226, 1229. If the Court permitted relation back in this matter, the Court would be frustrating the balance struck by Congress in enacting the two year statute of limitations. Although limitations periods sometimes make otherwise valid claims impossible to enforce, "that is their very purpose, and they remain as ubiquitous as the statutory rights or other rights to which they are attached or are applicable." *Kubrick*, 444 U.S. at 125.

Another equally compelling reason to deny relation back is that the FTCA is a waiver of sovereign immunity and, consequently, should be strictly construed. *Id.* at 117-18; *Chomic v. United States*, 377 F.3d 607, 615 (6th Cir. 2004) (holding that section 2401(b) "is a condition of the United States's waiver of sovereign immunity which is to be narrowly construed"); *Pipkin v. U.S. Postal Serv.*, 951 F.2d 272, 275 (10th Cir. 1991) (accord).

In arguing that the Court should adopt the Ninth Circuit's reasoning to find the tardy claim relates back in time to the timely filed claim, the plaintiffs argue that the government was on

14

notice of the loss of consortium claims because all the previous claims, the last being the August 12, 2003 claim, were signed by Mrs. Withrow and listed two of the three Withrow Children as witnesses to the VA's negligence. Even if the Court adopted the reasoning of the Ninth Circuit, which it does not, the plaintiffs' arguments are without merit.

The Sixth Circuit has held that merely identifying a spouse on a claim form does not satisfy the section 2675(a) requirement of filing an administrative claim with the appropriate agency for loss of spousal consortium, thus not providing adequate notice of a claim. *Rucker v. United States*, 798 F.2d 891, 893 (6th Cir. 1986). This Court followed *Rucker* in *Parsons v. United States*, 5:03-CV-89, slip op'n at 5 (E.D. Ky. Nov. 4, 2004). In *Parsons*, the complaint alleged that the decedent committed suicide due to the negligent care he received at the VA. The complaint alleged claims for wrongful death and personal injury on behalf of the estate and loss of consortium on behalf of the decedent's spouse and children. *Id*. at 1-2. The administrative claim filed with the VA listed the decedent's wife as the claimant on behalf of her husband and alleged only damages for personal injury and wrongful death. The form did not state anything about spousal or parental consortium damages and did not even mention the children. *Id*. at 2.

The defendant moved for dismissal for lack of subject matter jurisdiction pursuant to section 2675(a) as to the loss of

15

consortium claims because the only administrative claim filed did not identify these claims or claimants.  The plaintiffs argued that the loss of consortium claims were included on the Standard Form 95 because the decedent's spouse identified herself as the claimant on the form.  *Id*. at 5.  The Court, citing *Rucker*, held that the plaintiffs' claims for loss of consortium were dismissed for the plaintiffs' failure to include these claims on the administrative claim filed with the VA.  The Court held that because the spouse did not identify loss of consortium claims on the form, she failed to properly file an administrative claim for loss of consortium on behalf of herself or her children.  *Id.*  Other courts have held similarly.  *See DuPont v. U.S. Dep't of Labor,* 980 F. Supp. 192, 195-96 (S.D. W. Va. 1997) (holding that where state law provides that loss of consortium is a separate and independent action, "it must be expressly raised in an administrative claim to satisfy the FTCA's jurisdictional requirements"); *see also Estate of Miller v. United States*, 157 F. Supp. 2d 1071, 1075 (S.D. Iowa 2001) (holding that children of the decedent did not satisfy the mandatory requirement of filing an administrative claim by filing a claim on behalf of the estate that merely mentioned loss of parental consortium, but did not list it as a claim).

To the extent the plaintiffs argue that the government was on notice that loss of consortium claims were asserted on the timely filed August 12, 2003 form, this argument is foreclosed pursuant to

16

section 2675(a), *Rucker,* and *Parsons*.  Although Mrs. Withrow was listed as a claimant on the initial forms, she only sought wrongful death damages and, thus, clearly was a claimant in her capacity as executrix of the Withrow estate.  The timely August 12, 2003 claim form did not mention any claims for loss of consortium for either Mrs. Withrow or the Withrow Children.  Therefore, the plaintiff is foreclosed from arguing that the loss of consortium claims were properly presented to the agency and that the government was on notice of these claims in the August 12, 2003 form, the only timely form before the Court.

Based on the purposes of the FTCA and the principle that the Court should not enlarge the limited waiver of sovereign immunity of the United States, the Court finds that the plaintiffs' October 4, 2004 amended claim, the only claim form that asserts damages for loss of consortium, was filed over a year after the statute of limitations expired and, therefore, is time barred.  Because the Court does not have jurisdiction over the new claims and parties asserted in the October 4, 2004 amended claim, they shall be dismissed from this matter.  Finally, the Court finds that the timely August 12, 2003 claim does not properly assert any loss of consortium claims and only asserts a claim by the Withrow estate for wrongful death damages in the sum of $1.5 million dollars.  Accordingly, only these claims remain.

17

**B.**   **Loss of Consortium Claims Under Kentucky Law/ Certification of Question to Kentucky Supreme Court**

Because the Court finds that it lacks jurisdiction over the plaintiffs' claims for loss of consortium, it is not necessary for the Court to decide whether Kentucky law permits loss of consortium damages for the estate or the Withrow Children.  Therefore, the plaintiffs' motion to certify the question of whether Kentucky law provides a cause of action for loss of consortium for adult children is rendered moot and is denied.

<b>Conclusion</b>

Based on the foregoing reasons, **IT IS ORDERED:**

(1) That the defendant's partial motion to dismiss all of the plaintiffs' claims for loss of consortium [Record No. 5] be, and the same hereby is, **GRANTED.**

(2) That the plaintiffs' claims for loss of consortium be, and the same hereby are, **DISMISSED WITHOUT PREJUDICE.**

(3) That the plaintiffs, Judith Jolly, Michael Withrow, Janet Tolson, and Thelma Withrow, *individually*, be, and the same hereby are, **DISMISSED AS PARTIES.**

(4) That the only remaining claim is the wrongful death claim of Thelma Withrow, in her capacity as executrix of the Withrow estate for the maximum of $1.5 million dollars.

18

(5) That the plaintiff's motion to certify [Record No. 7] be, and the same hereby is, **DENIED AS MOOT.**

This the 28th day of September, 2005.



**Signed By:**

**_Joseph M. Hood_**

**United States District Judge**